UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMED AHMED,<br><br>              Plaintiff,<br><br>   v.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>             Defendants. | Case No. C25-952-TL<br><br>ORDER |

Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) In the IFP application, Plaintiff states he receives $747.00 per month. (*Id.* at 1.) He reports having no valuable property and no dependents. (*Id.* at 2.) Plaintiff left blank the portions of the application requesting information about his cash on hand, funds in checking or savings accounts, and his monthly expenses. (*See id.*)

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant

ORDER - 1

must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff's IFP application omits information necessary for the Court to determine whether he is able to afford court fees. Plaintiff failed to specify his expenses for basic necessities such as food and housing and whether these expenses are covered by the money he receives. Furthermore, it is unclear if he has savings that could be used to pay court fees. Without further information, Plaintiff should not be authorized to proceed IFP.

Accordingly, Plaintiff is ORDERED to show cause by **June 6, 2025**, why the Court should not recommend his IFP application be denied. In the alternative, Plaintiff may file an amended IFP application clarifying the matters noted above by that date. The Clerk is directed to renote Plaintiff's IFP application (dkt. # 1) for **June 6, 2025**, and to send copies of this order to Plaintiff, along with a blank IFP application, and to the Honorable Tana Lin.

Dated this 22nd day of May, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2